JESSE REED V. THE STATE.

No. 8521. Delivered November 26, 1924.

Rehearing denied December 17, 1924.

1.—Sale of Intoxicating Liquor—Recognizance—Must Describe Offense.

The recognizance is defective. As contained in the record it states that appellant stands charged with the offense of violating the prohibition law. This does not name any offense denounced by our penal code. Art. 903, C. C. P. The appeal is therefore dismissed.

ON MOTION FOR REHEARING.

2.—Same—Recognizance—New Appeal Bond.

Dismissed on account of defective appeal bond, upon filing of a properly drawn and authenticated bond, the appeal is reinstated and the cause affirmed.

Appeal from the District Court of Leon County. Tried below before the Hon. Carl T. Hooper, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The recognizance is defective. As contained in the record, it states that the appellant "stands charged with the offense of violating the prohibition law." This does not name any offense denounced in our Penal Code. The form of recognizance demanded by the Legislature expressly requires that the recognizance state the offense of which the accused has been convicted. Art. 903, C. C. P. The State's Attorney insists upon a dismissal of the appeal. The appellant being at large, a proper recognizance is essential in order to give this court jurisdiction. See McKey v. State, 87 Texas Crim. Rep. 228; Singleton v. State, 87 Texas Crim. Rep. 302; Goss v. State, 83 Texas Crim. Rep. 349; Godby v. State, 227 S. W. Rep. 192; Westbrook v. State, 227 S. W. Rep. 1104.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

MORROW, Presiding Judge.—The witness named in the indictment as the purchaser gave definite and direct testimony supporting the averment in the indictment. The sale was denied by the appellant.

A recital of the evidence is deemed unnecessary. The verdict of the jury settled the conflict in favor of the State.

There are no bills of exception complaining of the procedure. The appeal was dismissed on the former occasion because of an insufficient recognizance. Attached to the motion to reinstate is an appeal bond properly drawn and authenticated. The appeal is reinstated.

The record presenting no error, the judgment of the trial court is affirmed.

*Affirmed.*