The text is supported by Lewis v. State, 33 Tex. Cr. R. 618, 28 S. W. 465; Green v. State, 53 Tex. Cr. R. 490, 110 S. W. 920, 22 L. R. A. (N. S.) 706; Wallace v. State, 65 Tex. Cr. R. 654, 145 S. W. 925.

[5] The bills do not state the ground of the state's objection to the excluded evidence. If the objection was based on the assumption that the offered testimony was improper as being the opinion of the witnesses, it was not tenable. Stewart v. State, 38 Tex. Cr. R. 627, 44 S. W. 505; Pace v. State (Tex. Cr. App.) 79 S. W. 531; Neely v. State, 100 Tex. Cr. R. 76, 271 S. W. 922. We cannot say the exclusion of this evidence was harmless. The version of the transaction as given by the occupants of the two cars was completely at variance. The evidence sought to be introduced may have aided the jury in determining the issues before them.

The judgment is reversed and the cause remanded.

---

### PERKINS v. STATE. (No. 11342.)

Court of Criminal Appeals of Texas. Oct. 12, 1927.

**I. Bail** &#9758;66—Appeal bond, stating that defendant was charged with offense of "Vio Pro Law," held defective.

Appeal bond, stating that defendant stands charged by indictment duly presented "with the offense of Vio Pro Law," *held* defective, as failing to name any offense denounced by Penal Code.

**2. Bail** &#9758;66—Appellate court held without jurisdiction, in absence of appeal bond sufficiently naming offense, where defendant was at large.

Court of Criminal Appeals *held* to have no jurisdiction over appeal, in absence of a proper appeal bond sufficiently naming offense, where defendant was at large.

**3. Bail** &#9758;70—Appeal bond must be approved by court trying cause, or his successor in office, as well as sheriff (Code Cr. Proc. 1925, art. 818).

By express terms of Code Cr. Proc. 1925, art. 818, appeal bond in criminal case must be approved by court trying cause, or his successor in office, as well as by the sheriff.

**4. Bail** &#9758;70—Appellate court held without jurisdiction to pass on merits of appeal, in absence of recognizance or appeal bond properly approved (Code Cr. Proc. 1925, art. 818).

Court of Criminal Appeals *held* to have no jurisdiction to pass on merits of appeal in criminal case, in absence of a recognizance or appeal bond approved by court trying cause, or his successor in office, pursuant to Code Cr. Proc. 1925, art. 818.

Commissioners' Decision.

Appeal from District Court, Crosby County; Homer L. Pharr, Judge.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ed Perkins was convicted of selling a potable mixture containing in excess of 1 per cent. of alcohol by volume, and he appeals. Appeal dismissed.

N. C. Outlaw, of Ralls, for appellant.

Sam D. Stinson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is unlawfully selling a potable mixture containing in excess of 1 per cent. of alcohol by volume; the punishment, confinement in the penitentiary for two years.

[1, 2] The appeal bond is defective. As disclosed by the record, it states that the appellant "stands charged by indictment duly presented in the district court of Crosby county, Tex., with the offense of Vio Pro Law." This does not name any offense denounced in our Penal Code. The appellant being at large, this court is without jurisdiction in the absence of a proper appeal ·bond. Reed v. State, 98 Tex. Cr. R. 505, 267 S. W. 271.

[3, 4] It is also to be noted that the appeal bond is approved by the sheriff, but not by the district judge. Article 818, C. C. P., requires that the appeal bond shall be approved by the sheriff and the court trying the cause, or his successor in office. In the absence of a recognizance or appeal bond approved as the law requires, this court is without jurisdiction to pass on the merits of the case. Jones v. State, 99 Tex. Cr. R. 50, 267 S. W. 985.

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.