### C. A. Pierce v. The State.

No. 11312.   Delivered February 6, 1928.

Motion to reinstate denied February 22, 1928.

**1.—Driving Auto While Intoxicated — Recognizance — Defective — Appeal Dismissed.**

Driving an automobile while intoxicated is a felony and not a misdemeanor, regardless of the punishment assessed and a recognizance under

this offense which recites that appellant has been convicted of a misdemeanor is fatally defective because it fails to set forth an offense denounced by our statute and the appeal is dismissed. Following Campbell v. State, 22 Tex. Crim. App. 262, and other cases cited.

ON REHEARING.

2.—Same—Sentence—Must Appear in Record.

Appellant has supplied an appeal bond, and requests that his appeal be reinstated. No sentence appears in the record. The offense of which appellant was convicted being a felony, it was necessary that the trial court pronounce sentence on the judgment of conviction, in the absence of which this court has no jurisdiction to consider the appeal, and the motion to reinstate must be denied. Following Doyle v. State, 286 S. W. 214.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Homer L. Pharr, Judge.

Appeal from a conviction for driving a motor vehicle while intoxicated, penalty a fine of $400.

The opinion states the case.

*Pearce & Triplett* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for driving a motor vehicle while intoxicated on a street of an incorporated city, punishment assessed at a fine of $400.

The recognizance is defective. It is recited therein that appellant is under indictment for driving an automobile while intoxicated, and that he has been convicted of a misdemeanor. One of the necessary ingredients of the offense denounced by the statute is that the automobile or motor vehicle be driven or operated upon a street or alley or any other place within the limits of an incorporated city, town or village or upon any public road or highway in this state. The recognizance fails to set forth an offense, as no offense of the nature described is denounced by our statute. Art. 802 P. C.; McFadden v. State, Opinion Number 11174, delivered on November 23, 1927, but not yet officially reported. It is further noted that the offense of which appellant was convicted is a felony. It is described in the recognizance as being a misdemeanor. Campbell v. State, 22 Tex. Crim. App. 262. Appellant being at large, this court is without jurisdiction in the absence of a sufficient recognizance. Reed v. State, 267 S. W. 271.

Attention is called to the fact that no sentence appears in the record. The offense of which appellant was convicted being a felony, it was the duty of the trial court to pronounce sen-

tence upon the judgment of conviction. McFadden v. State, supra.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—Appellant has supplied an appeal bond and now requests that his appeal be reinstated.

Attention was called to the fact in our original opinion that no sentence appears in the record. The offense of which appellant was convicted is a felony. It therefore was the duty of the trial court to pronounce sentence on the judgment of conviction. The sentence constitutes the final judgment from which an appeal may be taken. This court has no jurisdiction in the absence of a final judgment. It therefore follows that the failure of the record to show that sentence was pronounced precludes a consideration of the case on its merits. Doyle v. State, 286 S. W. 214.

The motion to reinstate the appeal is overruled.

*Motion overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.