## SMITH v. STATE. (No. 11605.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

Appeal Reinstated June 19, 1929. Rehearing Denied Oct. 16, 1929.

Harris Bell and D. A. Gregg, both of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

It appears from the caption of the transcript that the term of court at which appel-

lant was tried adjourned July 19, 1927. It appears from the transcript that appellant was tried on October 11, 1927. The caption apparently fails to reflect the correct date of adjournment of the court.

█ The record discloses that appellant is enlarged on a recognizance. A copy of the recognizance is not brought forward in the transcript. Hence we are unable to determine whether the recognizance under which appellant is enlarged meets the requirements of the statute. Where the appellant is enlarged, this court is without jurisdiction in the absence of a proper recognizance or appeal bond. Reed v. State, 98 Tex. Cr. R. 505, 267 S. W. 271.

Appellant is granted 15 days in which to perfect the record in the particulars mentioned.

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion to Reinstate Appeal.

LATTIMORE, J. At a former day of this term, this appeal was dismissed because the record contained no sufficient recognizance. The defect has been remedied. The judgment of dismissal is set aside, the appeal reinstated, and the case will now be considered on its merits.

On its facts the case shows that officers of Austin communicated with officers of San Marcos and informed them that a car of a certain number, make, etc., would likely reach San Marcos, and was believed by the Austin officers to contain whisky. Acting upon this information, the sheriff of Hays county went out and watched upon the public road and saw a car coming answering the description. He stopped it. When he did so he observed a bottle of whisky, in the front of the car. A search of the rear of the car revealed the presence of nine gallons of whisky. The car belonged to appellant. She was in it at the time. Her defense was that she had purchased the whisky for medicinal purposes. She admitted having the whisky, but claimed that she had gone to New Braunfels to get it for use because of her physical ailments.

██ Bills of exception Nos. 3, 4, and 5 raise objections to the testimony as to what was found in the car, based on the proposition that the officers had no search warrant. For two reasons we think the objections of no avail. The officers had sufficient information to furnish them probable cause, and the further fact appears that appellant testified admitting the presence of the whisky in the car.

█ Bill of exceptions No. 6 complains of argument of the district attorney in which it appears that he gave his opinion as to the reasons why appellant had married her co-defendant on the night preceding her trial. We do not think the argument any transgression of the rules. The district attorney had the right to draw such inference as he pleased from the facts, which were proven, that the two, jointly indicted, had married the night before this trial. The bill is qualified by the learned trial judge. We think it presents no error.

█ There was no error in asking appellant when a witness in regard to her being arrested and charged with other violations of the liquor law.

Upon examination of this record, we are of opinion that no reversible error is shown, and an affirmance will be ordered.