### T. C. McCLOUD v. THE STATE.

No. 15785. Delivered April 5, 1933.
Appeal Reinstated April 26, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 237.

38

The opinion states the case.

*Marshall & King,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile upon a street of an incorporated city while intoxicated; the punishment, a fine of one hundred dollars.

No sentence appears in the record. The offense of which appellant was convicted being a felony, it was the duty of the trial court to pronounce sentence upon the judgment of conviction. Under the decisions, an offense is a felony which is punishable by confinement in the penitentiary, even though it also carries as an alternative punishment a fine or imprisonment in the county·jail. McFadden v. State, 300 S. W., 54; Pierce v. State, 2 S. W. (2d) 461. In the absence of a sentence this court is without jurisdiction.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The testimony of the state was, in substance, as follows: Driving his car on a street in the incorporated city of Graham, appellant struck a light post. Continuing his journey along the same street, he ran into another automobile. A little farther along on the street he struck a second car which was parked in front of a rooming house. At this point officers arrested appellant. He tried to keep the officers from opening the door

of his car, and refused to give them the car keys. The odor of whisky was on appellant's breath, and he was drunk.

Appellant denied that he was intoxicated, and declared that he had been taking a drug as a remedy for asthma.

Appellant objected to the introduction in evidence of the original record setting forth the boundary lines of the City of Graham at the time of its incorporation. We deem it unnecessary to consider the objection, in view of the fact that one of the arresting officers testified, without objection, that Elm Street, upon which appellant was driving, "was inside the corporate limits of the City of Graham."

As shown in bill of exception No. 2, appellant objected to the testimony of one of the arresting officers to the effect that, when he arrested appellant on Elm Street and took him out of his automobile, appellant asked him what they meant by arresting him, and he replied that he wanted to keep him from hurting somebody. The objection was that appellant was under arrest at the time the conversation was had. The statements were properly admitted as res gestae. They took place immediately after appellant collided with the car and stopped his automobile. See Branch's Annotated Penal Code, sec. 83.

There was no necessity for the court to charge on the right of the officers to make an arrest. We are unable to perceive in what respect the legality of the arrest became material. In any event, under the provisions of article 212, C. C. P., the arrest without warrant was authorized. We quote the article: "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Appellant was seen to run into two or three automobiles. He was not driving his car "straight." When he stopped his car after colliding with another automobile the officers approached appellant's car and discovered that appellant was drunk. These facts came from state's witnesses. They supported the conclusion that appellant was committing a felony in the view of the officers.

We deem the evidence touching guilt to be direct. Hence there was no occasion for the court to charge on circumstantial evidence.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.