CRAFTON ROGERS V. THE STATE.

No. 22956. Delivered November 15, 1944.

The opinion states the case.

*Tom Sanders* and *John R. Francis,* both of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was properly charged with driving and operating an automobile upon a public highway in Harris County, Texas, while intoxicated, and upon a plea of not guilty before the court he was assessed a fine of fifty dollars, from which judgment of the court he appeals.

There are no bills of exceptions in the record, and only one witness was heard by the court. Such witness showed that appellant was steering an automobile, while intoxicated, upon a public highway in such county; it was also shown that such automobile's engine was not running but that it was being pushed by another car.

The only question presented by the facts seems to be whether a car being pushed by another car, being steered by an intoxicated person, comes within the meaning of the punitive statute, Vernon's Ann. P. C. Art. 802, which prohibits such intoxicated person "driving and operating a motor vehicle."

Volume 5, American Jurisprudence, p. 918, Sec. 772, lays down the following doctrine:

"* * * An automobile unable to proceed under its own power, which is being towed, is a 'motor vehicle' within the meaning of a statute making it an offense to operate a motor vehicle while intoxicated, and providing that the term 'motor vehicle' shall include all vehicles propelled by power other than muscular power."

The text cites but one case, State v. Tracey, 102 Vermont, 439, 150 Atl. 68, 68 A. L. R. 1353.

We think appellant, who was guiding this automobile in motion, the engine of which was not running, was guilty of operating the same, and his intoxication was proven and undisputed.

The judgment is affirmed.