SAM APPELL CORNELIUS V. STATE.

No. 25,953. October 22, 1952.

Hon. Reed Ingalsbe, Judge Presiding.

*J. W. Reid,* and *Carl Hulsey,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for driving an automobile upon a public highway while intoxicated, the jury having assessed a fine of $100.

Three officers testified that appellant was intoxicated. Appellant admitted that he drank some whiskey shortly before the accident in which he was involved, but attributed his dazed condition to the injuries he received in the collision. He denied

that he was intoxicated and offered other witnesses who testified that he was sober just prior to and at the time of the collision.

The jury resolved the issue of intoxication against appellant, and the evidence sustains their verdict.

One of the officers testified that he took from appellant's car a half pint bottle about 2/3 full of some liquid. The bottle and its contents were admitted in evidence as Exhibit 1 over appellant's objection, and error is assigned in several bills of exception.

Bill of Exception No. 1 sets forth that the printed label on the bottle showed the contents to be whiskey, but that the seal was broken. The objection was made that the contents of the bottle had not been proved.

Bill of Exception No. 2 complains of the introduction of the testimony regarding the bottle over the objection that it was not shown by positive testimony that the witness had seen appellant drink from the bottle.

Bill of Exception No. 3 complains of the refusal of the trial judge to instruct the jury to disregard the testimony regarding the bottle.

Bill of Exception No. 4 complains of the overruling of a requested charge to the jury to disregard the exhibit.

Bills of Exception Nos. 5 and 6 complain of the argument of the county attorney to the effect that a bottle of whiskey was in the car.

Our conclusion that the testimony and the exhibit were admissible in evidence without prior proof of the contents of the bottle disposes of all of these bills of exception.

The presence of a whiskey bottle in the car, whether empty or partly filled, was a circumstance to be considered by the jury along with other proof on the issue of intoxication. The exhibit was before the jury for their inspection and if it was thought that there had been a change of the liquid content of the bottle since the seal was broken, the exhibit was available for inspection by the jury and could have been submitted to witnesses for either side.

In the absence of any such issue being raised as to the contents of the bottle, we regard the argument of the county attorney as a reasonable deduction from the evidence.

The remaining bill relates to the closing argument of the county attorney wherein he said:

"Let's see where we really are. Not one of them would dare take up the elements of the offense and discuss them one by one without a lot of eye wash and poppy cock, and we had discussed the Legislature of duly elected citizens that reflect the attitude of what the people think have spoken out;"

It is evident that the county attorney was referring to some other portion of the argument wherein the attitude or intent of the legislature had been considered. The argument referred to is not before us, and without it we are in no position to understand the complained of remarks. However, we find nothing in the complained of argument which would be prejudicial to appellant.

The evidence is sufficient to sustain the conviction, and we find no reversible error.

The judgment is affirmed.

Opinion approved by the Court.