## PRENTICE MARSHALL v. STATE.

No. 26,582. November 11, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 16, 1953.

*H. R. Rolston*, Lufkin, for appellant.

*James H. Moore*, District Attorney, Lufkin, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, 30 days in jail and a fine of $250.00.

Constable Gaskamp testified that he investigated an automobile collision on the day in question and learned that appellant's automobile and a Mr. Ivey's jeep had been involved in a head-on collision near the town of Zavalla and that both men

had apparently been injured. The witness stated that after the ambulance arrived and the appellant had been placed therein he looked in appellant's automobile and found two empty beer cans under the front seat and then opened the turtle or back and there found an empty carton and a full carton of beer.

Mr. Ivey testified that on the day in question an automobile which he was meeting had suddenly veered over on his side of the highway; that in order to avoid being hit he had cut back to his left; that the wreck occurred near the center line; that he was injured and did not see the appellant at the scene of the collision.

Dr. Dan Spivey testified that he saw the appellant in the emergency room at the hospital on the night in question, observed his actions and his manner of speech and detected the odor of alcohol, and gave his opinion that the appellant was under the influence of intoxicating liquor.

Laboratory technician Culbertson testified that he informed the appellant that he intended to take a specimen of his blood; that the appellant offered his arm in the proper position; and that the sample was taken.

The state proved the proper chain of custody of the blood sample, and toxicologist Chastain testified that such sample contained 2.2 milligrams of alcohol per cubic centimeter of blood, which is also interpreted as .22 per cent. Chastain further testified that such percentage was indicative of intoxication.

The state properly established the prior conviction for a like offense.

Appellant offered several witnesses in his behalf. Among them were his brothers, his sister, his brother-in-law, his uncle, a fellow worker, and several friends of many years' standing in the town of Zavalla. Each of them testified that they did not smell alcohol on appellant's breath following the collision.

Several of the witnesses testified that as appellant lay on the side of the road an unknown doctor had come upon the scene, had orally administered a pill containing morphine to the appellant, and had driven away.

Appellant's brother testified that while the appellant was in

the ambulance near the scene of the collision and after it had occurred he had handed him a half-pint of whiskey and that appellant had drunk half of it in one drink.

Appellant, testifying in his own behalf, stated that the collision was due to no fault on his part, denied that he had been drinking on the day in question, and stated that he remembered nothing following the collision until the next morning. The appellant made no explanation of the empty beer cans in his automobile.

The jury resolved the disputed issue of appellant's intoxication against him, and we find the evidence sufficient to sustain the verdict.

Bill of Exception No. 1 complains of the admission of the testimony of the constable about finding the beer and beer cans in appellant's automobile.

Since Wallace v. State, 145 Tex. Cr. Rep. 625, 170 S. W. 2d 762, such evidence has been held admissible. See also Musgrove v. State, 158 Tex. Cr. Rep. 303, 255 S. W. 2d 218, and Tex. Dig., Automobiles, 354.

Bills of Exception Nos. 5 and 6 relate to the taking of the blood specimen from the appellant's arm.

In Brown v. State, 156 Tex. Cr. Rep. 144, 240 S. W. 2d 310, we held that the taking of the blood specimen, when done with the consent of the accused, does not violate the constitutional prohibition against self-incrimination. The careful trial judge charged the jury that they were not to consider the evidence of the blood test or the chemist's analysis thereof unless they found that the "specimen of blood was obtained from said person with his voluntary consent."

Finding no reversible error, the judgment of the trial court is affirmed.