## Forrest B. Chamberlain v. State

No. 28,492. October 24, 1956.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $200.

The state's testimony shows that the appellant, while intoxicated, was steering a Nash station wagon upon a public highway, and that the Nash's engine was not operating but that it was being pushed by the use of another car.

Appellant while testifying in his own behalf admitted that he was steering the car while it was being pushed along the highway at the time in question but denied that he was intoxicated or had drunk anything intoxicating until after the engine in the Nash quit running. He stated that following the failure of the engine he took some medicine which contained codene for a cough and then drank some liquor but couldn't say how much and was "dopey" from the cough medicine when the officers arrived.

Appellant contends that the evidence is insufficient to show that he was driving a motor vehicle at the time in question.

The testimony of the witnesses for the state and that of the appellant referred to the Nash station wagon as a "car." This testimony sufficiently shows that the appellant was driving a motor vehicle. Spears v. State, 20 S.W. 2d 1063.

Appellant further contends that the evidence is insufficient to show that he was driving and operating a motor vehicle because the Nash station wagon was not being propelled under its own power but was being pushed by the use of another car.

In Rogers v. State, 147 Tex. Cr. R. 602, 183 S.W. 2d 572, under a similar state of facts, we said:

"The only question presented by the facts seems to be whether a car being pushed by another car, being steered by an intoxicated person, comes within the meaning of the punitive statute, Vernon's Ann. P.C. Art. 802, which prohibits such intoxicated person 'driving and operating a motor vehicle.'

"We think appellant, who was guiding this automobile in motion, the engine of which was not running, was guilty of operating the same, and his intoxication was proven and undisputed."

The rule found in 5 Am. Jur., Automobiles, Sec. 772, was quoted in support of said holding.

The case of the State v. Hester, (Tenn.) 270 S.W. 2d 321, 47 A.L.R. 2d 568, also is in point with the instant case.

The steering of the car by the appellant as it moved upon the highway, although its engine was not running, was sufficient to constitute the driving and operating of the same.

Appellant complains because of the admission in evidence of the whiskey bottle found in the Nash station wagon on the ground that he was not charged with transporting whiskey or possessing whiskey for the purpose of sale and further because it was not brought out on direct examination.

Testimony showing the presence of the whiskey bottle in the Nash station wagon was admissible in evidence as a circumstance to be considered by the jury along with the other proof on the issue of intoxication. Cornelius v. State, 157 Tex. Cr. R. 598, 252 S.W. 2d 163; Marshall v. State, 159 Tex. Cr. R. 268, 262 S.W. 2d 491.

It was within the discretion of the trial court to allow the introduction of evidence at any time before the argument of the cause was concluded. No abuse of such discretion is here shown. Art. 643, Vernon's Ann. C.C.P.; 42 Tex. Jur. 98-101, Sections 72 and 73.

The jury resolved the issues of fact against the appellant and we find the evidence sufficient to support their verdict.

The judgment is affirmed.

Opinion approved by the Court.