## J. B. Bedwell *v.* State

No. 29,058. June 5, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*James T. Kelley, Jr.,* and *Russell F. Wolters,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* States Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The state's testimony shows that the appellant, while driving his automobile on 66th Street in the city of Houston, was involved in a collision with an automobile being driven by Mrs. Eloise R. Branam. The collision occurred at the intersection with Harrisburg Street and, according to Mrs. Branam's testi-

mony, after appellant had failed to stop at a stop sign at said intersection.

Mrs. Branam testified that when she first saw the appellant he was driving with "his head down on the steering wheel;" that after the collision she could smell alcohol on appellant's breath; that he staggered when he walked, looked "kinda sleepy and dreamy and his hair was all down in his face" and expressed her opinion that appellant was intoxicated.

Officer Harrell, accident investigator for the city of Houston, who went to the scene to investigate the collision and there arrested the appellant, testified that appellant stumbled when he walked, had an "alcoholic beverage on his breath" and expressed his opinion that the appellant was intoxicated.

Appellant did not testify but called two witnesses who testified in his behalf.

The witness, an employee of appellant, testified that he had been with the appellant shortly prior to the collision and that the appellant was not drunk at that time. The witness Mrs. John Bowling testified that she observed the appellant at the scene after the collision and stated that in her opinion the appellant was sober at that time.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant's and we find the evidence sufficient to sustain their verdict.

We shall first discuss appellant's informal bills of exception appearing in the statement of facts to the court's rulings on the admission of certain testimony.

By Bills Nos. 1 and 2 appellant complains of the court's action in permitting the prosecuting witness, Mrs. Branam, to testify to a conversation she had with the appellant after the collision in which appellant stated, "I guess both of us are going to get tickets for drunk driving" and that she said, "Well, I won't but you will." Appellant's objection to the testimony was on the ground that the conversation was after the accident. Appellant's statement in the conversation was admissible as a declaration against interest and the conversation between the parties after the collision was clearly admissible as a part of the res gestae. McCloud v. State, 124 Texas Cr. Rep. 37, 60 S.W. 2d 237 and Cline v. State, 163 Texas Cr. Rep. 141, 289 S.W. 2d 291.

Bill No. 3 presents appellant's objection to that portion of the testimony of the prosecuting witness, Mrs. Branam, where, in describing the appellant's appearance after the collision, she stated, "He just looked kinda sleepy and dreamy and his hair was all down on his face." Appellant objected to the testimony on the ground that it was a conclusion of the witness. We find no error in the bill.

Testimony showing the appellant's physical appearance was admissible. 2 Texas Jur. Supp., Sec. 33, p. 36. The particular statement of the witness complained of was nothing more than a shorthand rendition of the facts and was admissible. 19 Texas Jur. Sec. 66, p. 96.

Bills of Exception Nos. 4, 5, 6, 7 and 8 present appellant's contention that the court erred in permitting Officer Harrell to testify that, as the result of a conversation he had with the appellant after his arrest, he searched the appellant's automobile and found in the automobile a pint bottle of "Seagram's V. O. Whiskey." The bills do not reflect error as testimony of an officer as to his finding liquor in an automobile of the accused after a collision is admissible. See Wallace v. State, 145 Texas Cr. Rep. 625, 170 S.W. 2d 762. Musgrove v. State, 158 Texas Cr. Rep. 303, 255 S.W. 2d 218 and Marshall v. State, 159 Texas Cr. Rep. 268, 262 S.W. 2d 491. The fact that the contents of the bottle were not shown to be liquor did not render the testimony inadmissible. Cornelius v. State, 157 Texas Cr. Rep. 598, 252 S.W. 2d 163; nor was the testimony inadmissible because the bottle was not produced in court and introduced in evidence. Andrews v. State, 161 Texas Cr. Rep. 550, 279 S.W. 2d 331.

Appellant questions the sufficiency of the jury's verdict which reads:

"We the members of the Jury find the defendant guilty and assess (3) three days in jail and ($50.00) fifty dollars fine.

L. Rex Davis, Foreman"

Appellant first insists that the verdict is insufficient because it does not specify that appellant is assessed the punishment. We think a reasonable construction of the verdict clearly reflects the jury's intention to find appellant guilty and that he be assessed the punishment stated in the verdict.

Appellant's further contention that the verdict is invalid because the jury added that portion assessing a fine after they had returned an informal verdict assessing only a jail sentence and had been directed by the court to return to the jury room to correct the same is not supported by the record. While appellant alleged such action on the part of the jury as a ground for new trial, there is nothing in the record to support the allegation.

The judgment is affirmed.

Opinion approved by the Court.