Larry Douglas **TALLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39285.

Court of Criminal Appeals of Texas.

March 2, 1966.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 7 days in jail and a fine of $50.

The sufficiency of the evidence to sustain the conviction is not challenged.

The state's evidence reflects that, after midnight, Ralph Byrd and Robert L. Campbell, Patrolmen of the Texas Department of Public Safety, were in a patrol car traveling east on Texas Highway 31 toward Kilgore when they met two cars, one of which was a 1957 Dodge being driven by appellant.

The officers noticed that this car was weaving in the lane of traffic. They immediately turned in pursuit and saw the 1957 Dodge weave and go completely across the center stripe. The officers turned on the red spotlight and blinking lights of the patrol car and appellant pulled onto the shoulder of the road and stopped.

Patrolman Byrd expressed the opinion that appellant was intoxicated and testified that he based his opinion upon the manner in which he was driving the automobile; the fact that he was unsteady on his feet and leaned on the back of his car for support; that there was "a very prevelent smell of alcohol on his breath"; his clothing

**560**

were soiled and the front of his pants was wet and smelled of urine.

Patrolman Campbell gave similar testimony.

The state's evidence further revealed that in the car appellant was driving there was a pitcher full of beer; a glass with some beer in it; an empty beer can and a pint bottle of Hiram Walker Whiskey, about half of it gone. Also there were twenty-one 12 ounce unopened cans of Hamm's Beer on the back seat of the car, including three six packs.

There was also testimony to the effect that the passenger riding on the front seat beside appellant was intoxicated.

Testifying as a witness in his own behalf, appellant admitted having told the arresting officers that he had drunk about ten beers, but testified that he had drunk only three; that the beer belonged to the occupant of the other car; that his pants were not wet; that he did not know where the bottle of whiskey came from and that he was not intoxicated but was "perfectly sober".

■ The jury chose to accept the testimony of the patrolmen and the evidence is sufficient to sustain their verdict.

Appellant's first claim of error is that the court erred in overruling his motion to dismiss the case for the reason that the information was not based upon a complaint filed prior to the filing of the information. Baker v. State, 159 Tex.Cr.R. 491, 265 S.W. 2d 600, cited by appellant, does not support this claim of error.

■ The statute does not require that the complaint be *filed prior* to the filing of the information.

Art. 415 Vernon's Ann.C.C.P. (Now Art. *21.22*) provides:

"No information shall be presented until affidavit has been made by some credible person charging the defend-

ant with an offense. The affidavit shall be filed *with* the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths."

■ There is nothing in the record to show that this statute was not complied with.

Appellant relies upon the file marks of the county clerk on the back of the complaint, sworn to on July 20, 1964, and the information.

The clerk's file mark on the information shows "Filed—1964 July 20 AM 10:00." The file mark on the complaint is identical except that the time shown is 10:01.

If the file marks may be considered as evidence as to the time the instruments were filed with the clerk, such evidence shows no failure to comply with the statute which provides that the affidavit shall be filed "with the information."

Also, though the writer did not and does not agree with such holding, this Court held in Urban v. State, Tex.Cr.App., 387 S.W.2d 396, 397, that the file mark on an indictment is hearsay and constitutes no proof.

■ Appellant next complains of the testimony of Patrolman Byrd to the effect that another thing he noticed about appellant at the time of the arrest was that his clothing were soiled. "It looked like maybe he had slept in 'em."

There was no motion to have this testimony withdrawn from the jury. We see no error.

The remaining claim of error relates to the admission in evidence of the partially filled bottle of whiskey found under the seat of the car and the 21 unopened cans of beer.

The court did not err in admitting in evidence the whiskey and beer found in the car which appellant was driving, at the time of his arrest. Bedwell v. State, 165 Tex.Cr.R. 143, 305 S.W.2d 372, and cases cited.

The judgment is affirmed.