**Ivan Hicks JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42266.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Tark Cook, Perryton, for appellant.

Guy Hardin, Dist. Atty., Shamrock, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from a conviction for the felony offense of driving a motor vehicle upon a public highway while intoxicated.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, the court assessed his punishment at 5 years confinement in the penitentiary. Imposition of sentence was suspended, probation was granted and notice of appeal was given. Art. 42.12, Sec. 8, Vernon's Ann. C.C.P.

The sufficiency of the evidence to sustain the jury's verdict is challenged.

The prior conviction for the misdemeanor offense of driving while intoxicated in Hall County, alleged in the indictment, was established by proper proof.

Walker Freeman testified that he had served as Deputy Sheriff of Lipscomb County for something over 3 years and in connection with his duties had occasion to be around and handle a number of people who were drinking intoxicating liquor and who were intoxicated. He testified that on the date alleged in the indictment, between 6 and 6:30 P.M., he observed appellant driving his pickup in the middle of a main street of the town of Booker, Lipscomb County, Texas.

He further testified:

"A. * * * I was coming into the street, and his pickup was parked in the Main Street, and I stopped. And as I stopped, I noticed the pickup backing up. I immediately tried to back up, and his pickup backed into the bumper on my car, and I noticed Ivan turning around, and after he hit me, then he pulled forward. And he pulled on forward and pulled over to the curb.

\*     \*     \*     \*     \*     \*

"Q. What did you observe with regard to his condition, Mr. Freeman?

"A. Whenever I talked to him, he mumbled. I couldn't hardly understand him, and I noticed his eyes were very glassy, and his speech was very slurred. And so I asked him to get out of his vehicle at that time. And whenever he got out, he had to hold on to the door whenever he got out. * * * he was having a hard time standing up, and he had to hold on to something in order to stable himself.

\*     \*     \*     \*     \*     \*

"Q. All right. Now, based upon your observation of this Defendant and based upon your experience in handling people who were intoxicated and who were charged with an offense of being intoxicated in some form or other, do you have an opinion as to whether Ivan Hicks Johnson was sober or intoxicated at the time he was driving the motor vehicle in Booker?

"A. Yes, sir. I have an opinion on that.

"Q. And what is your opinion, please?

"A. I would say he definitely was intoxicated.

"Q. All right. Now, I want to get this crystal clear for the Jury. Is there any doubt in your mind as to whether or not this man was under the influence of intoxicating liquor?

"A. There is no doubt.

"Q. Is this a close question? Is this a border line matter, where he might

have had a little bit to drink, but might not be under the influence of intoxicating liquor, or is this a clear case where the man was inebriated and intoxicated?

"A. It is a clear case he was intoxicated."

Basil Duke, Jr., Sheriff of Lipscomb County, joined Deputy Freeman some 30 minutes after he got appellant in his car and rode with them to the courthouse. He testified in part:

"Q. During that trip between Darrouzett and Lipscomb, state whether or not you could smell anything in the nature of intoxicating liquor or such beverage as that?

"A. Yes, sir. I could.

"Q. Upon whom could you smell it, please?

"A. On Ivan Johnson.

"Q. What else did you observe about Ivan Johnson at that time?

"A. During the trip to Lipscomb, there was very little conversation, but after we got to Lipscomb and started up—we brought him up the walk to the Courthouse, he was very unstable, and after we got him in the Courthouse, of course, we did have some conversation with him then, and his speech was slurred, and he was very unstable.

"Q. In walking up the sidewalk from the car to the Courthouse here in Lipscomb, will you describe, please, what you observed about his walk and his manner of walking?

"A. Well, he takened in most of the sidewalk coming to the Courthouse.

"Q. What do you mean by that?

"A. Well, weaving from one side to the other."

 The fact issue as to whether appellant was intoxicated at the time he drove his pickup on the street in Booker was contested by testimony of defense witnesses who had observed him at an earlier time in the afternoon. The jury resolved the fact issue against appellant and the evidence is sufficient to sustain the verdict.

■ Appellant complains that the state was allowed to bring into the courtroom and place upon the counsel table, and later introduce into evidence, a gallon jug of wine.

The record reflects that the jug of wine was identified by Deputy Sheriff Freeman as that he found in the pickup appellant was driving.

The only objection made when the jug of wine was offered in evidence was that there was a passenger in the pickup and there was no proof that the wine belonged to appellant.

The jug of wine found in the pickup was admissible. Cornelius v. State, 157 Tex. Cr.R. 598, 252 S.W.2d 163.

Other informal bills presented as grounds of error are without merit.

The judgment is affirmed.