COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-15-00189-CR |
| | § | Appeal from |
| EX PARTE: | § | County Criminal Court No. 2 |
| VICTOR MANUEL MAGUREGUI, | § | of El Paso County, Texas |
| | § | (TC # 20140C11398) |

## **O P I N I O N**

In this appeal from a habeas proceeding, the Applicant, Victor Manuel Maguregui, contends that double jeopardy bars his prosecution for driving while intoxicated because he was previously convicted for possession of marijuana. The marijuana was found on Maguregui's person at the same time he was stopped for DWI. We disagree and affirm the trial court's denial of his application.

### **FACTUAL SUMMARY**

While operating a car on December 3, 2012, Maguregui ran into a metal pole. An investigating police officer suspected that he was intoxicated. Maguregui purportedly failed a field sobriety test and a later obtained blood sample allegedly showed an alcohol concentration level of 0.15 or more. Out of these events, two charges were eventually filed. Maguregui was first charged with possession of two ounces or less of marihuana which was apparently found on his person at the time of the accident. He pled guilty to that charge on March 18, 2013. After

the possession charge was resolved, the State filed an information charging Maguregui with DWI as follows:

> On or about the 3rd day of December, 2012 . . . [Applicant] . . . [did] then and there operate a motor vehicle in a public place while [Applicant] was intoxicated,
>
> And it is further presented that at the time of performing an analysis of a specimen of [Applicant's] blood or breath or urine, the analysis showed an alcohol concentration level of 0.15 or more[.]

During the pendency of the DWI case, which has not yet been adjudicated, Maguregui filed an application for habeas corpus. The application contends that the "DWI case naturally subsumes the possession of marijuana case; and is, therefore, barred by double jeopardy." The gist of his argument at the habeas hearing was that the State is not required to allege in the indictment whether the intoxication is the result of alcohol alone, or some other drug, or even a combination of several intoxicants. According to Maguregui, the possession of marijuana might support an inference for its use. Consequently, the State could ask for a "synergy" charge which would allow the jury to consider the effects of the marijuana. And because Appellant has already been punished for the possession of marijuana, he cannot be punished again.

The State's reply directed the trial court to the "same elements test" from *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under that test, when a defendant is charged with a violation of two statutes for conduct that arises out the same transaction or occurrence, a trial court must ask whether each charge requires proof of a fact that the other does not. *Id.* Because both driving while intoxicated and possession of marijuana require proof of elements which are not found in the other crime, the State contended the fundamental premise for the double jeopardy claims fails. The trial court denied the application and this appeal follows.

## DOUBLE JEOPARDY

In his sole issue, Maguregui contends that the Double Jeopardy Clause to the Fifth Amendment to the United States Constitution prohibits a trial of the DWI case because he has already been convicted and punished on the possession case. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. art. V. "There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Langs v. State*, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006); *see also North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Although the parties do not distinctly address which of these are raised here, their arguments implicate the multiple punishment scenario, which arises in one of two ways: (1) the lesser-included offense context, wherein the same conduct is punished twice; once for the basic conduct, and then again for that same conduct plus more; or (2) punishing the same criminal act twice under two distinct statutes when the Legislature intended the conduct to be punished only once. *Langs*, 183 S.W3d at 685.[1]

Whichever type of multiple punishment claim is at issue, we are first required to determine the "legal sameness" of the two statutory provisions. *See Ex parte Castillo*, 469 S.W.3d 165, 168 (Tex.Crim.App. 2015). We do so by applying the "same-elements" test to determine whether "each provision requires proof of a fact which the other does not." *See United States v. Dixon,* 509 U.S. 688, 697, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182; *Castillo*, 469 S.W.3d at 168. In doing so, we apply the cognate-pleadings approach, which entails comparing the elements of the greater offense as pleaded to the statutory elements of the other offense in the abstract. *Castillo*, 469

---

[1] And even if we view this case only as a successive prosecution double jeopardy claim, the *Blockburger* same elements test still controls the outcome. *Ex parte Castillo*, 469 S.W.3d 165, 168 n. 6 (Tex.Crim.App. 2015).

3

S.W.3d at 168, *citing Hall v. State*, 225 S.W.3d 524, 536 (Tex.Crim.App. 2007). This analysis involves a legal question and does not depend on the evidence offered at trial. *Castillo*, 469 S.W.3d at 168, *citing Hall*, 225 S.W.3d at 535; *Ex parte Benson*, 459 S.W.3d 67, 71-74 (Tex.Crim.App. 2015).

If one of the offenses completely overlaps the other, then a rebuttable presumption arises that the offenses are the same for purposes of double jeopardy. *Benson*, 459 S.W.3d at 72. Conversely, if the two offenses have different elements under the same-elements test, the judicial presumption is that the offenses are different for double-jeopardy purposes and that cumulative punishment may be imposed. *Id.*, *citing Missouri v. Hunter*, 459 U.S. 359, 367, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The defendant can rebut this presumption by showing that the Legislature clearly intended only one punishment.[2]

## ADEQUACY OF THE BRIEFING

Before addressing the merits, however, we turn to the State's waiver position. The State contends that Maguregui's argument on appeal has morphed from that made at the trial court. The State correctly points out that a litigant's complaint on appeal should mirror that made below. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012), *citing Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Lankston v. State*, 827 S.W.2d 907, 911 (Tex.Crim.App. 1992).

---

[2] The factors that bear on that legislative intent include: (1) whether offenses are in the same statutory section or chapter; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus or gravamen; (6) whether the common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger* (a liberalized *Blockburger* standard); and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes. *Ex parte Ervin,* 991 S.W.2d 804, 807 (Tex.Crim.App. 1999).

Maguregui's primary argument below, which he in fact carries forward on appeal, was that evidence showing marijuana possession might be used by the State to claim that he had actually used marijuana at the time, and under a "synergy charge," could constitute some proof of intoxication. The State contends that his argument on appeal focuses on whether one offense is a lesser-included offense of the other. Maguregui's brief does cite several general propositions germane to whether one offense is included within another, or is a lesser-included offense. For instance, he contends in his brief that the "Double Jeopardy Clause bars prosecution of any offense which, according to Texas law, includes or is included within an offense for which the defendant has already been prosecuted." But we find the central thrust of his argument has not changed--he still focuses on the potential that the facts underlying the possession charge could be used to prove the DWI. And while we do not find an express discussion of lesser included offenses in Maguregui's argument below, his petition claims that the "DWI case naturally subsumes the possession of marijuana case." At the hearing, the State clearly brought to the trial court's attention the same-element test from *Blockburger* which we conclude controls the outcome here, and at the hearing below, Maguregui attempted to respond to the *Blockburger* analysis as best he could. In the context of the arguments presented below, we find no dramatic distinction with those urged on appeal. Accordingly, we reject the State's contention that Maguregui has forfeited his argument. But as we explain below, we find it unavailing.

## DID JEOPARDY ATTACH?

The same-elements test from *Blockburger* proves what at first blush appears to be the obvious--DWI and possession of marijuana both contain elements unique to both offenses. The relevant statutory elements for DWI as alleged in the indictment are that Maguregui:

(1) operated;

(2) a motor vehicle;

(3) in a public place;

(4) while intoxicated;

(5) with an alcohol concentration of 0.15 or more.

TEX.PENAL CODE ANN. § 49.04(a), (d)(West Supp. 2016).

The statutory elements of possession of marijuana in the amount of two ounces or less are that a person:

(1) knowingly or intentionally;

(2) possesses;

(3) a usable quantity of marihuana;

(4) in the amount of two ounces or less.

*See* TEX.HEALTH&SAFETY CODE ANN. § 481.121 (West 2010). Even a cursory examination of these elements show no overlap, other than the actor under both charges would be Maguregui. One charge requires proof of doing something--operating a motor vehicle on a public road (while intoxicated). The other requires proof of possessing something. This argument fails the same elements test of the *Blockburger* as two distinct crimes were charged.

Maguregui seeks to overcome this straightforward application of *Blockburger* by claiming that the intoxication charge could be proved (in part) by the some of the same facts underlying the possession charge. We are unpersuaded by that claim for several reasons. First, in applying the same elements test, we are precluded from considering the evidence at trial. *Castillo*, 469 S.W.3d at 168, *citing Hall*, 225 S.W.3d at 535; *Benson*, 459 S.W.3d at 71. Maguregui's argument about how a prosecutor might bootstrap the possession into a claim of actual use (and thus intoxication) ignores that principle. Applicant's argument essentially mimics the "same-conduct" test briefly utilized by the Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 510, 110 S.Ct. 2084, 2086, 109 L.Ed.2d 548 (1990). The court in *Grady* had found that two charges were different under *Blockburger*'s same element test. The Court nonetheless found a double jeopardy violation because to make its case, the government was *required* to

6

prove conduct that constituted an offense for which the defendant had already been prosecuted. *Id*. at 508, 110 S.Ct. at 2086. By the same token, Maguregui argues here that to prove the essential element of intoxication, the State *might* attempt to prove conduct (possession of marijuana) for which he has already been punished. The "*might*" would distinguish *Grady* in any event, but *Grady*'s same-conduct test was expressly abandoned as unworkable three terms later in *Dixon*. *Dixon*, 509 U.S. at 704, 113 S.Ct. 2849; s*ee Ortega v. State*, 171 S.W.3d 895, 898 (Tex.Crim.App. 2005)(recognizing overturning of *Grady*, and reversing court of appeals which had relied on its logic to find double jeopardy violation).

Moreover, under the cognate pleading paradigm, we consider the statutory elements of the offense in conjunction with the indictment. *Hall*, 225 S.W.3d at 536. Whether the indictment needed to or not, it did in fact allege that Maguregui was intoxicated with a specific level of *alcohol* and not some other intoxicant. And whether the prosecutor ever asks for a synergy charge or not, the State still needs to prove the charge by proving *alcohol* intoxication.[3]

Even at that, Maguregui's entire argument makes the rather brash assumption that because he was in mere possession of a drug, the State could assert that he was also under the influence of the drug. We find that claim something of a stretch, particularly in light of the State's disclaimer of any present intent to make such an argument. Maguregui supports his claim with two authorities. The first, *Chamberlain v. State*, 294 S.W.2d 719, 720 (Tex.Crim.App. 1956), merely holds that a trial court does not abuse its discretion in admitting evidence of an open whiskey bottle for the prosecution of a DWI case because it was "a circumstance to be considered by the jury along with the other proof on the issue of intoxication." We don't read *Chamberlain* as supporting the inference that simple possession of marijuana, without anything

---

[3] The synergy charge allows the jury to consider whether the defendant made himself more susceptible to the influence of alcohol than he otherwise would have been by ingesting some other substance, and by that reason, becomes intoxicated from use of alcohol. *Gray v. State*, 152 S.W.3d 125, 131 (Tex.Crim.App. 2004). If alcohol intoxication is alleged in the information, the State still must ultimately prove alcohol intoxication. *Id*.

more, is evidence of marijuana use at any particular time. The second authority is the dissenting opinion in *Murray v. State*, 457 S.W.3d 446, 450 (Tex.Crim.App. 2015)(Meyers, J. dissenting), *cert. denied*, ___ U.S. ___, 136 S.Ct. 198, 193 L.Ed.2d 127 (2015). Judge Meyers argued that the majority opinion's reasoning would be analogous to "convicting an individual for possession of marijuana based solely on an officer's observation that the individual was high and smelled of marijuana." *Id*. at 450. The statement at best reasons that intoxication might infer possession, and not the opposite, that possession infers intoxication.

The *Blockburger* same elements test is essentially a search for the Legislature's intent. *Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex.Crim.App. 1999)("the *Blockburger* test is simply a rule of statutory construction, which is useful in attempting to ascertain legislative intent"). Cognizant of following that intent, we find no indication that the Legislature intended for a person guilty of possession of marijuana and DWI to be subject to only a single punishment. In fact, "[t]he codification of offenses in two distinct statutory provisions is, by itself, some indication of a legislative intent to impose multiple punishments." *Ex parte Benson*, 459 S.W.3d at 71. Maguregui directs us to no other indicia of legislative intent to the contrary. We are satisfied that neither a strict application of the same elements test, nor analysis of legislative intent supports his claim. In short, Maguregui carries the burden to prove entitlement to habeas relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). He has not made that showing here. We overrule Issue One and affirm the judgment of the trial court.


October 31, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)