## Hester v. State.

*(Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

C. Frank Davis, of Morristown, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Hester was indicted, tried and convicted for driving while drunk with his punishment fixed at a fine of $100 and a 30-day jail sentence added, from which judgment he appeals.

This record presents an unusual and interesting state of facts. Two deputy sheriffs of the county were notified of drunkenness at a particular locality in that county and upon going to this locality, they found, according to their testimony and the testimony of others, the plaintiff in error in a drunken condition seated at the steering wheel of his automobile which was being pushed along a public road by another car. The officers testify that they observed it being pushed for from 80 to 100 feet.

The plaintiff in error takes the stand in his own behalf and both he and his brother deny that the plaintiff in error was drunk. This though obviously presented a fact question for the jury which has been determined against the plaintiff in error. We are clearly of the opinion that the evidence does not preponderate against this finding.

Obviously the rather interesting question arises, it is very strenuously insisted upon here, that since the engine of the automobile of the plaintiff in error was not running and that he was merely being pushed along the road, was not driving, and that he does not come within the statutory contemplation of what is normally known as drunk driving. When we consider the purpose of the statute we think that this contention is of no avail. The statute was designed to prevent drunken persons (those under the influence of an intoxicant or drug) from being

in control of an instrument that is as dangerous as an automobile might be to others upon the public highway, at a time when the operator was so inebriated that he was incapable of exercising the mental forethought and actions that are required of one operating an automobile under the present traffic conditions. We are of the opinion that even though the car be not operated under its own power, the highway hazard to others lawfully using the highway is as great where an inebriated person is in control of the car as though it were being operated under its own motive power. The nature of the motive power is not an element of the statute and it seems unnecessary for us to add such to this statutory offense. The Legislature did not place in the statute a requirement that the motor vehicle be operated under its own power.

The statute, Chapter 202, Public Acts of 1953, provides that it shall be unlawful " * * * to drive or be in physical control of any automobile or other motor driven vehicle". The plaintiff in error was in physical control of his automobile in this case. Of course the speed of the car could not be attained by its own motive power at the time of the arrest when the motor was not in operation but nevertheless his control was as complete so far as the guidance of the automobile was concerned as though it was in perfect running condition. Thus obviously one in an inebriated condition being at the wheel of an automobile which was being pushed on the highway could suddenly veer it one way or the other and cause just as serious if not a more serious wreck than one which was running under its own power. Thus it seems to us that the test is, was the person in control of his automobile in an inebriated condition, if he was then he is guilty under the statute whether the motor of the car was run-

ning or not so long as the car was on the highway and might cause injury, death and damage to others.

In a search of authorities on the question by the State and by this Court very few are found. The State cites the case of *Rogers* v. *State*, 147 Tex. Cr. R. 602, 183 S. W. (2d) 572, which sustained a conviction of driving while drunk under identical circumstances as shown in the instant case. The State likewise cites the case of *State* v. *Tacey*, 102 Vt. 439, 150 A. 68, 68 A. L. R. 1353, which is also persuasive in the instant case. In the Tacey case the car was being towed by another car with an inebriated driver and the conviction in that case for driving while drunk was sustained.

Our case of *Line* v. *State*, 191 Tenn. 380, 234 S. W. (2d) 818, is not at variance with what we have said above. In that case, the motor vehicle in question was standing completely still, while in the present case it was in motion. We think that the case of *Bradam* v. *State*, 191 Tenn. 626, 235 S. W. (2d) 801, is near in point with what we have said above. The Bradam case weakens, to a great extent, what was said in the Line case. In the Line case the reversal was rested upon the fact that one in a stationary automobile, even though intoxicated, was not driving, while in the Bradam case the concurring opinion holds that one who, while intoxicated, parks an automobile and then abandons it temporarily is guilty of drunk driving within the contemplation of the statute.

This has been a very interesting question for us but after giving it serious consideration and some investigation we think the trial court was correct and that there is no error in the record. The judgment below must accordingly be affirmed.