Bobby Lee JEFFRIES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

April 12, 1979.

Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Neil Taylor, Gerald Easter, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

WALKER, Judge.

On his trial in Shelby County the appellant, Bobby Lee Jeffries, was found guilty of unlawfully selling a controlled substance, to wit, heroin, and his punishment fixed at six to 12 years' imprisonment. The habitual criminal count of the indictment was then presented to the jury and it found him guilty under it, enhancing his punishment to life imprisonment. From that judgment and sentence he appeals to this court.

The appellant was first indicted in two counts for selling a controlled substance on the 12th day of February, 1977, and for possessing it with intent to sell. After some negotiations between counsel, the state on May 12, 1978, reindicted him for the same offenses but alleged that the offenses occurred on the 12th day of February *1978*. The second indictment added the habitual criminal charge.

■ Because the state's proof showed that the incident occurred on February 12, 1977, rather than February 12, 1978, the appellant first insists that this variance required a directed verdict in his favor. He also says that the trial judge incorrectly instructed the jury, in effect, that the date was immaterial so long as the offense occurred prior to the finding of the indictment.

TCA 40–1808 says:

"The time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient in the offense."

In *Shadden v. State*, 488 S.W.2d 54, 62 (Tenn.Cr.App.1972), we said:

"The rule is that the offense must be proved to have been committed prior to the finding of the indictment and within the time specified by any applicable statute of limitations; and, except where a special date is essential or time is of the essence of the offense, the time of the commission of the offense averred in the indictment is not material, and proof is not confined to the time charged."

Thus the error of substituting "1978" for "1977" is inconsequential. The appellant was clearly apprised of the charge against him and was not misled. He relied on an alibi for February 12, 1977, and there was no uncertainty of the time of the incident under investigation. This assignment is meritless.

■ The appellant contends that his constitutional rights were violated when, upon his refusal to plead guilty to the charge of selling heroin, the state reindicted him and added the habitual criminal charge. The United States Supreme Court considered this question in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), and rejected a similar contention. It held that due process is not violated when a state prosecutor carries out a threat made during plea negotiations to have the accused reindicted for more serious charges for which he is plainly subject to prosecution if he does not plead guilty to the offense for which he was originally charged. This assignment is likewise overruled.

By the testimony of Memphis police officers E.K. Martin and James Michael Willis, they were working undercover in the investigation of narcotics violations. On February 12, 1977, at 8:30 p.m., they met a confidential informant, Steve Howell, and went in the informant's car to Marcus Jazzland Record Shop. Howell could not be found at the time of the trial although both sides wanted his testimony.

The informant went into the record shop and returned with the appellant. Officer Martin testified that he, the informant and the appellant got into another automobile parked at the record shop and that he purchased four quarter-teaspoons of heroin from the appellant for $100. Although he did not know the appellant personally, he had seen his photograph and recognized him. He described the appellant and his clothing in detail and identified him in the courtroom.

Officer Willis remained in the informant's car 30 to 35 feet away. He says he saw the transaction from that distance, and he also made an in-court identification of the appellant. A laboratory test showed that the purchased material was heroin.

The officers testified that the lighting was good and that they had no difficulty in seeing the appellant. Although the appellant did not testify, his witnesses said that there were no outside lights there at this time and that the lighting was bad.

The appellant relied on an alibi. His girl friend testified that he was with her at the time in question on February 12, 1977; she remembered this because this was two days before Valentine's Day. She also testified that his clothing that day was entirely different from that described by the officers.

The appellant's mother, Ms. Clara Sykes, testified that on February 12, 1977, he was wearing different clothing at 5:00 p.m. from that the officers described and that he had the same clothes on when she saw him at 4:30 or 5:30 the following morning. The appellant's uncle testified that the appellant and his girl friend were at his (the uncle's) home during the time in question and that the appellant's clothing was not at all similar to what the officers claimed it was. Lucinda Mann testified that she took the appellant's place at the record store at 2:30 or 3:00 p.m., and that she did not see him again during that evening. She was there until 10:30 or 11:00 p.m.

The appellant's mother and uncle testified that they remembered February 12 particularly because it was the birthday of their mother, Mrs. Mary L. Jeffries.

In rebuttal the state presented Shirley Wallace, deputy registrar of the Shelby County election commission, who testified over objection that the records of her office showed the date of birth of Mrs. Jeffries was April 21, 1904.

The court refused an adjournment to permit Mrs. Jeffries to testify when it appeared that she could not attend that afternoon and no exact time for her appearance was given.

In surrebuttal Mrs. Sykes testified that she had never heard of her mother's birthday being April 21, 1904, but had always known it as February 12; the family had always linked it with Abraham Lincoln's birthday, and her mother's Social Security records showed that birth date.

Following this testimony both sides argued the case. On the following morning defense counsel informed the court that Mrs. Jeffries was on the way to court with documented proof of her birth date, and that the appellant wanted an opportunity to present her testimony. The court denied the motion and charged the jury. After the verdict of the jury on the first phase of the case, the court permitted the appellant to offer Mrs. Jeffries' testimony outside the jury's presence that February 12 had always been her birth date. She also offered a written statement from the Social Security office to the effect that this was her birth date.

Proof was then submitted on the habitual criminal count with the jury returning a verdict of guilty on it with the enhanced punishment.

■ The most serious question presented is the admissibility of the evidence of Mrs. Wallace that the records of her office showed the date of birth of Mrs. Jeffries to be April 21, 1904. Over objection, she was permitted to file as a business record an abstract or summary of information which she said she obtained from viewing a computer screen in her office. The appellant argues that her testimony and her abstract of what she said she saw are hearsay. The state contends that this summary is admissible under the Uniform Business Records as Evidence Act, TCA Sections 24–712—24–715. TCA 24–714, Records as evidence, provides:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness, testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Mrs. Wallace testified that the computer screen showed that Mrs. Jeffries registered on July 14, 1958, and that her birth date was April 21, 1904. Her abstract of that entry was not made in the regular course of business at or near the time of the act, condition or event as is required by the act and itself does not qualify as a business record. Her testimony as to what she read on the computer was hearsay and was objectionable.

Permanent registration rolls are public records open to inspection. TCA 2–227. Photographic copies of business and public records are admissible into evidence under TCA 24–711, but no effort was made to follow that statute, the state relying on the observation of the witness. Neither was this a computer printout of a business record. For the purpose of this inquiry, we find no material distinction between business and public records.

■ Further, the state failed to offer a proper foundation for either a business record or a public record kept on a computer. Business records kept electronically have become increasingly prevalent but several facts are necessary to show that such records are trustworthy.

In *King v. State ex rel. Murdock Acceptance Corp.,* 222 So.2d 393 (Miss.1969), the court held that printout sheets of business records stored on computing equipment are admissible in evidence if relevant and material and if it is shown that (1) the particular electronic computing equipment is recognized as standard equipment; (2) entries are made in the regular course of business at or reasonably near the time of happening of the event recorded, and (3) foundation testimony satisfies the court that the sources of information, method, and time of preparation were such as to indicate its trustworthiness and justify its admission. See generally Annot., 71 A.L.R.3d 232 (1976), Proof of Public Records Kept or Stored on Electronic Computing Equipment; 29 Am.Jur.2d, Evidence, sec. 482, Public Records.

The testimony here was therefore also inadmissible because no proper foundation was laid for the introduction of a record kept on computing equipment.

■ This inadmissible testimony cannot be considered harmless. The principal alibi witnesses relied on their mother's birthday as their reason for remembering events 16 months before the trial and more than 13 months before the appellant's arrest.

When this inadmissible testimony by a public official contradicted their testimony, the appellant was clearly prejudiced.

While the evidence presented to the jury was sufficient for its verdict, the appellant was prejudiced by this improper evidence and the case must be reversed and remanded for a new trial.

Although the case must be reversed, we have examined all remaining assignments and find them to be without merit.

■ The court did not err in refusing to adjourn to obtain Mrs. Jeffries' testimony. She was unable to appear on the day when this testimony was heard and counsel did not apprise the court of when she would be available. When she appeared the next day, the case had already been argued and was ready to be submitted to the jury.

■ Likewise without merit is the contention that the court erred in refusing to grant a mistrial when the appellant's counsel reported to the court that his client had just told him that the sister of one of the jurors had been involved with him in one of his prior offenses. The jury had returned its verdict in the second phase of the case and the court had imposed a life sentence when counsel called this to the attention of the court. On voir dire, Mrs. Catron, the juror in question, had said that she did not know the parties and that she would render an impartial verdict. There is nothing to show that she was other than fair, and this statement of counsel did not call for further inquiry.

Reversed and remanded for a new trial.

DUNCAN, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.