**STATE of Tennessee, Appellee,**

v.

**Douglas LANE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 20, 1983.

Raymond S. Leathers, Asst. Atty. Gen., Nashville, Phyllis Fitzwilson, Asst. Dist. Atty. Gen., Blountville, for appellee.

B.C. McInturff, Kingsport, for appellant.

OPINION

DAUGHTREY, Judge.

The defendant, Douglas Lane, was convicted of driving while intoxicated, third offense, and of driving without a valid license. He received an effective sentence of 11 months and 29 days and was fined a

total of $500. On appeal, he challenges (1) the trial court's order permitting amendment of count two of the indictment, (2) the sufficiency of the evidence, and (3) the trial court's decision not to charge three specially requested jury instructions. We find no reversible error in connection with these issues, and we therefore affirm Lane's conviction.

The indictment returned against the defendant contained three counts. In the first, Lane was charged with driving without a valid license on January 23, 1982. In the second, he was charged with "unlawfully driv[ing] or be[ing] in control of a motor vehicle upon a public highway under the influence of an intoxicant." The date of this offense was listed only as January 23, 19____. Finally, the third count alleged that "on or about the 23 day of January, 1982 . . . [Lane] did unlawfully commit the offense alleged in the second count of this indictment, which offense constitutes his third conviction for the offense of driving while intoxicated . . ."

The prosecutor did not notice the typographical omission in count two until the jury had been sworn and she had finished reading count one to the jury. At that time she moved to amend the indictment by inserting the number "82" in the blank space left for the year. Her motion was granted, over the defendant's objection.

Lane now argues that the amendment was improper under Rule 7(b) of the Tennessee Rules of Criminal Procedure. Under that rule, amendments may be granted at any time with the defendant's consent, but are not allowed over objection once jeopardy has attached. Because jeopardy had attached in this case prior to the State's motion, the defendant says the trial court should have denied it. He argues further that he has been prejudiced, because without the date, the one year statute of limitations could not be calculated. The State responds that any problem in the indictment should have been brought to the court's attention by pretrial motion, as required by Rules 12(b)(2) and 12(f) of the Rules of Criminal Procedure.

The trial judge permitted the amendment on the ground that the "third count refers back to the second count and has the full date on it, so, if you look at it, all of it together, it has got the date." The defendant insists that the trial court's reason for the ruling was unsound, however, because the law requires that each count of the indictment stand on its own. While conceding that this proposition is correct, we cannot accept the defendant's next assumption: that without the full date, count two was insufficient as a matter of law. Because there is no requirement that an exact date be alleged in connection with the offense contained in count two, the omission of a full date did not invalidate it. T.C.A. § 40–13–207; Jeffries v. State, 640 S.W.2d 854, 856 (Tenn.Crim.App.1979). It follows that an amendment to count two was unnecessary and, further, that the trial court's decision to allow an unnecessary amendment did not constitute reversible error. Moreover, any prejudice to the defendant, in terms of notice, ability to defend, protection from multiple prosecution, or the running of the applicable statute of limitations, was cured by the reference in count three to the offense charged in count two. We thus decline to reverse on the basis of the typographical omission in count two or on the basis of the putative amendment to that count.

The charges in this case arose as the result of a car wreck involving the defendant's vehicle and another driven by Patricia Roberts. As she topped a crest on Highway 11–W at about 9:15 p.m., she collided with Lane's car, which was located in her lane of traffic, without its lights on. Roberts said she could not see the car until she was almost on it.

Lane was at the wheel of his vehicle at the time of the collision. He had picked up a hitchhiker, Walter David Hall, earlier in the evening, and they had shared a six pack of beer. According to Hall, they stopped along 11–W to get water, and when they returned to the car, they discovered that the battery was dead. With Lane behind the wheel, and without the car lights on,

Hall attempted to "push him off" along the shoulder of the road. As Hall pushed the vehicle, however, Lane steered it into the right lane of the highway. Hearing a car approach, Hall hit the back of the car, signalling Lane to move back onto the shoulder. The approaching vehicle missed them, Hall estimated, by about four feet. Hall then heard another vehicle approaching, and once more he yelled at Hall to move onto the shoulder and jumped out of the way. At that point Roberts' vehicle crashed into Lane's, "the biggest part" of which was in the right lane of traffic.

When police reached the scene of the accident a little after 10:00 p.m., they detected an odor of alcohol on the defendant, and from observing his demeanor, they concluded that he was under the influence of an intoxicant. Lane was somewhat incoherent, and his voice and walk were unsteady. A breath test performed at 11:35 p.m., over two hours after the accident, showed a blood alcohol level of 0.10%. A blood test at 12:20 a.m., three hours after the event, showed a level of 0.09% alcohol.

■ The defendant now insists that the evidence is insufficient in two respects. First, he contends that there was not sufficient proof that he was intoxicated at the time of the collision. The evidence need only show, however, that Lane was under the *influence* of an intoxicant at the time the offense occurred, and we conclude that the proof was legally sufficient on this issue.

The defendant next insists that the proof fails to show that he was driving the car, or that he was in physical control of it at the time of the collision. Rather, he says, the person pushing the car was in control of it, because the vehicle was not in "mechanical operation" at that time. The State responds that the facts in this case are controlled by the rule announced in *Hester v. State*, 196 Tenn. 680, 270 S.W.2d 321 (1953).

In the *Hester* case, the defendant was convicted of driving under the influence when the proof showed he was steering a vehicle which was being pushed along a

public road by another car. Under the applicable statutory provision, the court held that Hester was in "physical control of his automobile" even though "the speed of the car could not be attained by its own motive power." 196 Tenn. at 681–83, 270 S.W.2d at 322. The court reasoned that "one in an inebriated condition being at the wheel of an automobile which was being pushed on the highway could suddenly veer it one way or the other and cause just as serious if not a more serious wreck than one which was running under its own power." *Id.*

■ It was just such control by a person not in condition to operate a vehicle, whose diminished physical ability and judgment led him to steer an inoperable, unlighted vehicle onto a dark highway, that caused the wreck in this case. We are not persuaded by the defendant's argument that the situation here is distinguishable from that in *Hester* merely because Lane's car had ceased moving a second or two before the collision and thus was not "being pushed on the highway" at the moment of collision. Obviously it was the vehicle's movement on the highway which directly precipitated the event, and any distinction between the facts in the two cases is legally ephemeral. We thus hold that *Hester* is controlling here, and we decline to reverse on the basis of the evidence in the record.

■ Finally, the defendant complains of the trial judge's failure to give three specially requested jury instructions. Two of these are unremarkable statements of the degree of proof necessary to convict of driving under the influence and were clearly covered by the general charge. They were thus properly rejected. *Edwards v. State*, 540 S.W.2d 641, 649 (Tenn.1976), *cert. denied* 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 777 (1977). In a third request, the defendant asked the trial judge to charge that the issue "is not whether the defendant had an odor of beer or alcohol on or about his breath, that it is not a violation of the law for a person to have an odor of alcohol on his breath." This request appar-

ently was based on the observation in *Hurt v. State*, 184 Tenn. 608, 611, 201 S.W.2d 988, 989 (1947), that the drunk driving "statute does not prohibit the driving of an automobile with a liquor breath ..." But the mere inclusion of language in an appellate opinion does not automatically make that language or the legal proposition it expresses suitable for instructions to a jury in a future case. *See generally Bales v. State*, 585 S.W.2d 610, 611–612 (Tenn.1979); *Henderson v. State*, 539 S.W.2d 843 (Tenn. Cr.App.1976). Moreover, as the *Hurt* court noted, the gravamen of the offense is "driving when the driver is not in full possession of his faculties because he is 'under the influence of an intoxicant.'" This statutory requirement was clearly conveyed to the jury in the general charge, and thus there was no error in rejecting the final request for instructions. *Edwards v. State, supra*, 540 S.W.2d at 649.

For the foregoing reasons, we find no reversible error in connection with the issues raised on appeal, and we therefore affirm the judgment of the trial court.

DWYER and CORNELIUS, JJ., concur.