# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. MARK STEVEN MARLOWE

**Direct Appeal from the Criminal Court for Union County**
**No. 1410   Lee Asbury, Judge**

---

**No. E1998-00873-CCA-R3-CD - Decided June 30, 2000**

---

The defendant, Mark Steven Marlowe, entered a plea of nolo contendere to statutory rape. In this appeal of right, he argues that the trial court improperly permitted the state to amend the indictment after his plea and that he was improperly denied probation. We find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J., delivered the opinion of the court, in which SMITH and WITT, JJ., joined.

J. Stephen Hurst, LaFollette, Tennessee, for the appellant, Mark Steven Marlowe.

Paul G. Summers, Attorney General & Reporter, Ellen H. Pollock, Assistant Attorney General, Clifton H. Sexton and Shayne Sexton, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant, Mark Steven Marlowe, entered a plea of nolo contendere to statutory rape, a Class E felony. Tenn. Code Ann. § 39-13-506. The trial court sentenced the defendant to a Range I, two-year term and denied probation. Six months of the sentence is to be served in jail and the remainder in a community corrections program.

In this appeal, the defendant presents the following issues for our review:

(1) whether the trial court erred by permitting the state to amend the indictment after accepting the defendant's nolo contendere plea; and

(2) whether the trial court erred by denying probation.

We find no error and affirm the judgment of the trial court.

The defendant, an elementary school teacher in the Campbell County School System, worked as a counselor at a summer recreation program during the summer of 1996. The 13-year-old

victim, C.M.,[1] attended the program during the summer between her seventh and eighth grade years. The defendant had been her fifth grade teacher.

In late July, several students and teachers, including the victim and the defendant, traveled to Big Ridge State Park to swim in a lake. Even though other students were in close proximity, the defendant first digitally penetrated the victim and then engaged her in consensual sexual intercourse while in the lake. The defendant was indicted for statutory rape in Union County where Big Ridge State Park is located.

The defendant waived a jury trial and entered a nolo contendere plea. Following his plea, he filed a petition for probation or, in the alternative, post plea judicial diversion. When defense counsel failed to appear at a pre-scheduled sentencing hearing, the trial court permitted the state to present testimony from the victim's parents as to the effect of the incident on their daughter. At a subsequent hearing, the trial court observed that the Union County indictment erroneously indicated that the grand jurors were from Campbell County. The issue had not been raised before entry of the defendant's nolo contendere plea. Over the objection of defense counsel, the trial court allowed the state to amend the indictment to conclusively show that the indictment was returned in Union County by Union County grand jurors.

The trial court imposed a sentence of split confinement, ordering the defendant to serve six months in jail and the remainder of a two-year term in a community corrections program. One enhancement factor was cited, that the relationship between a teacher and student is "the legal equivalent of a loco parentis arrangement," thereby warranting an increase from the one-year minimum to two years.

I

Initially, the defendant argues that the trial court erroneously permitted the state to amend the indictment pursuant to Tenn. R. Crim. P. 7(b). He contends that because he had already entered a nolo contendere plea, the amendment was not proper under Rule 7(b) because the rule permits amendments only when "no substantial rights of the defendant are thereby prejudiced" and jeopardy has not attached. The state argues that the defendant waived the issue by entering a nolo contendere plea. It contends that because the defendant had notice of the charges and because the amendment merely corrected a typographical error, there was no prejudice.

Provisions of both the federal and Tennessee constitutions guarantee the criminally accused knowledge of the "nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to comply with these constitutional guidelines, an indictment or presentment

---

[1]It is the policy of the court not to reveal the names of minors who are victims of sex crimes.

must provide notice of the offense charged, adequate grounds upon which a proper judgment may be entered, and suitable protection against double jeopardy. Tenn. Code Ann. § 40-13-202; State v. Byrd, 820 S.W.2d 739 (Tenn. 1991); State v. Pearce, 7 Tenn. 65, 67 (1823). A variance between the indictment and the evidence presented at trial is not fatal unless it is both material and prejudicial, State v. Moss, 662 S.W.2d 590 (Tenn. 1984), thus affecting the substantial rights of the accused, State v. Mayes, 854 S.W.2d 638, 639-40 (Tenn. 1993) (citing Berger v. United States, 295 U.S. 78, 82 (1935)). When the indictment and the proof substantially correspond, the defendant is not misled or surprised at trial, and there is protection against a second prosecution for the same offense, the variance is not considered material. Moss, 662 S.W.2d at 592.

An indictment may be amended by the state without the defendant's consent if (a) no additional or different offense is charged; (b) no substantial right of the accused is prejudiced; and (c) the amendment is sought and permitted before jeopardy attaches. Tenn. R. Crim. P. 7(b). Whether to allow the amendment is discretionary with the trial court. See id.; see also State v. Kirkland, 696 S.W.2d 544, 545 (Tenn. Crim. App. 1985).

The indictment charging the defendant with statutory rape provided as follows:

STATE OF TENNESSEE, UNION COUNTY
CRIMINAL COURT, EIGHTH JUDICIAL DISTRICT
MAY 1997 TERM
The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn and charged to inquire in and for the body of the County of Campbell in the State of Tennessee, upon their oath present: That
MARK STEVEN MARLOWE
prior to the finding of this indictment, on or about July-August 1996, in the County and State aforesaid, did unlawfully and feloniously engage in sexual penetration of Cassandra Marlow, aged thirteen (13) years, at a time when the said Mark Steven Marlowe was at least four (4) years older than the victim, in violation of TCA § 39-13-506, all of which is against the peace and dignity of the State of Tennessee.

(emphasis added).

Initially, the error in the indictment relates directly to the county in which the grand jury was impaneled. Notwithstanding its Union County caption, the indictment mistakenly provided that the grand jury was drawn from Campbell County. This issue clearly relates to a "defect[] in the institution of the prosecution," and, because it was not raised in a pretrial motion, was waived by the defendant. See Tenn. R. Crim. P. 12(b)(1); State v. Hale, 833 S.W.2d 65, 67 (Tenn. 1992) (holding that objection to grand jury indictment prior to criminal court hearing on transfer from juvenile court was waived by failure to raise in pretrial motion); State v. Gonzales, 638 S.W.2d 841, 844 (Tenn. Crim. App. 1982) (noting that alleged defect in grand jury proceedings should have been attacked in Tenn. R. Crim. P. 12(b)(1) pretrial motion); Raybin, Tennessee Criminal Practice and Procedure,

§ 12.3 (1984) ("The second class involves all motions which must be raised prior to trial or they are waived. . . . This includes technical defects in the indictment and defects in the grand jury . . . ."); see also State v. Brown, 795 S.W.2d 689, 698 (Tenn. Crim. App. 1990) (holding that alleged error in failure to arraign was waived by failure to raise in pretrial motion); State v. Kinner, 701 S.W.2d 224, 227 (Tenn. Crim. App. 1985) (holding that alleged error in failure to hold preliminary hearing was waived by failure to raise in pretrial motion).

The defendant does not dispute that a grand jury from Union County returned the indictment. Nevertheless, he contends that allowing the amendment "changed the venue and jurisdiction of the court, therefore prejudicing the defendant." The defendant asserts that the proper remedy was not through amendment, but through re-indictment in Union County. When the trial court first noticed the error, the state chose to consider the reference to Campbell County as a "typographical error" not requiring re-indictment because "all parties knew at the time of the plea that this was . . . a Union County offense." The state argued that the defendant had waived the issue by failing to raise it prior to his plea. The trial court ruled that "the defect can be cured by permitting an amendment of the indictment to show that the events in fact occurred in Union County, Tennessee, which would simply square the indictment with the stipulation and with the facts of the case."

Generally, "[t]he entry of a valid guilty plea constitutes an admission of all facts alleged and a waiver of procedural and constitutional defects in the proceedings that occurred before the entry of the plea." State v. Smith, 996 S.W.2d 845 (Tenn. Crim. App. 1999). A nolo contendere plea has the same effect as a guilty plea, absent some statute or rule to the contrary. See State v. Teague, 680 S.W.2d 785, 789 (Tenn.1984). In fact, upon the entry of a nolo contendere plea, any issue which might be dispositive of the case must be explicitly reserved with the consent of the state and the trial court. Otherwise, it is waived. See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b)(2)(iii).

In our view, the defendant waived this issue when he entered a nolo contendere plea to the charged offense. The defendant has essentially framed the issue as one of venue, that is, whether the offense was triable in Union County where the indictment indicates that the crime occurred in Campbell County. See Raybin, supra, § 16.54 ("Article I, § 9 of the Tennessee Constitution requires that the defendant be tried in the county where the crime was committed. This establishes local jurisdiction of the offense, and is called venue."). In Ellis v. Carlton, a panel of this court held that venue is waived by a guilty plea:

> Although venue is a jurisdictional matter, Tennessee courts have consistently held that venue can be waived in certain circumstances. Obviously, if venue could not be waived, a defendant's request for a change of venue could never be granted.
> * * *
> When a defendant pleads guilty, he waives the requirement that the State be required to prove each element of the offense beyond a reasonable doubt. In pleading guilty, a defendant also waives the

-4-

requirement that the State prove venue by a preponderance of the evidence.

986 S.W.2d 600, 601-02 (Tenn. Crim. App. 1998).  Accordingly, the defendant's nolo contendere plea, having the same effect as a guilty plea, operated to waive any venue objection that the defendant may have had.  The trial court's amendment of the indictment, therefore, was unnecessary, did not prejudice the defendant, and did not constitute reversible error.  See State v. Lane, 673 S.W.2d 874 (Tenn. Crim. App. 1983).

The defendant contends that because the issue is jurisdictional in nature, it has not been waived.  See Tenn. R. Crim. P. 12(b)(2).  The only jurisdictional objection that is not waived by a defendant's failure to raise it in a Rule 12(b)(2) pretrial motion, however, is lack of subject matter jurisdiction.  State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997).  "Subject matter jurisdiction is the power of the court to hear and decide a particular type of action."  Id.  Because the defendant's complaint does not relate to subject matter jurisdiction, this issue is without merit.

II

Next, the defendant argues that the trial court erroneously denied his  petition for probation.  When, of course, there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994).  "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls."  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).  The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less.  Tenn. Code Ann. § 40-35-303(b).

Among the factors applicable to probation consideration are the circumstances of the

-5-

offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403 (Tenn. Crim. App. 1981). "To sustain the denial of probation based solely upon the nature of the offense, the criminal act, as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." State v. Lane, 3 S.W.3d 456, 462 n.15 (Tenn. 1999) (citations omitted).

In imposing sentence, the trial court stated as follows:

> [T]here is one overriding, enhancing factor, which requires the court to fix the two year sentence in the Tennessee Department of Corrections' custody as a Range I offender and that is the fact that the relationship between a teacher and student is at least comparable to, if not the legal equivalent of, a loco parentis arrangement. That is, a school teacher in certain circumstances has the same responsibility to a student as does a parent. The breach of that responsibility is . . . an aggravating circumstance that requires moving the minimum sentence of one [year] up to two years. Try as I might, I can find no redeeming characteristic or anything that should diminish that arrangement, so it will be the judgment of the court that the defendant serve two years in the Tennessee Department of Corrections' custody, as a Range I offender and pay costs of prosecution. That sentence may be satisfied by the defendant serving six months in the county jail with the balance to be on Community Corrections supervision.

The defendant contends that the trial court erroneously relied upon testimony from the victim's mother to establish the defendant's prior relationship as the victim's teacher. He insists that the record is devoid of evidence to support a finding that his relationship with the victim was the "legal equivalent of a loco parentis arrangement." As a collateral issue, he claims that the trial court erred by admitting this testimony in his absence.

The Sixth Amendment guarantees an accused the right to be "confronted with the witnesses against him." U.S. Const. amend VI. "Confrontation means more than being allowed to confront the witness physically." Davis v. Alaska, 415 U.S. 308, 315 (1974). It includes the right to an effective cross-examination. Delaware v. Fensterer, 474 U.S. 15, 20 (1985). Nonetheless, constitutional rights have a broader reach before a determination of guilt than they do thereafter in a sentencing hearing. State v. Carico, 968 S.W.2d 280, 287 (Tenn.1998) (quoting State v. Newsome, 798 S.W.2d 542, 543 (Tenn. Crim. App.1990)); cf. State v. Mackey, 553 S.W.2d 337, 344-45 (Tenn.1977). The United States Constitution does not restrict a sentencing judge to consideration of information received in open court. Williams v. New York, 337 U.S. 241, 251 (1949).

The record indicates that the sentencing hearing was scheduled for June 10, 1998.

-6-

The defendant and his attorney failed to appear at the hearing. The state was ready to proceed. The trial court permitted the testimony of the victim's mother and father, stating "I don't think the defense has the right to dictate when the court can operate, if the case is set. I don't care one bit to hear the witnesses that are present, and save them the trouble of coming back." Each witness testified as to the emotional damage the victim had suffered due to her relationship with the defendant. At the later hearing, neither the state nor the defense presented any additional evidence.

In our view, the trial court erred by permitting the testimony of the witnesses in the absence of the defendant and defense counsel. Yet, this error is harmless, even if measured by the constitutional standard, because the two-year sentence is warranted, in our view, absent any consideration of the testimony offered by the parents of the victim.

For a Range I offender, the applicable range for the offense of statutory rape, a Class E felony, is from one to two years. During the commission of the offense, the defendant was employed as a counselor at a summer recreation program in which the victim was a participant. He had previously been her fifth grade teacher. In consequence, the defendant abused a position of public or private trust. Tenn. Code Ann. § 40-35-114(15). Furthermore, the record supports application of another enhancement factor. There is evidence to support the application of Tenn. Code Ann. 40-35-114(7), that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. Under these circumstances, a two-year sentence is entirely appropriate.

In our view, the trial court also properly denied the defendant's application for probation. The 1989 Act provides that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). While the trial court did not state a statutory basis for denial of probation, the record is adequate to support the denial.

The nature and circumstances of the offense are particularly unfavorable for a grant of probation. The defendant, who was 28 years old at the time of sentencing, held a position of trust when he engaged in sexual intercourse with the 13-year-old victim. As her recreational camp counselor and as her former teacher, the defendant had been placed in a position of trust, both public and private. Clearly, he ignored those responsibilities when he engaged in a sexual relationship with the 13-year-old child. In Lane, our supreme court affirmed the trial court's denial of probation based on a similar set of circumstances. Lane, 3 S.W.3d at 462. There, the defendant, a Department of Human Services (DHS) counselor, engaged in sexual intercourse with a 16-year-old child in the custody of DHS and was convicted of statutory rape. Id. at 458. Our supreme court ruled that the defendant's position as the victim's counselor made his conduct "particularly disturbing," thereby warranting the trial court's denial of probation. Id. Similarly, the defendant's position here as the victim's camp counselor and former teacher made his conduct "particularly disturbing."

Moreover, a period of confinement is often necessary to protect the public from the conduct of the defendant, to avoid depreciating the seriousness of an offense, to provide a deterrent to others likely to commit a similar offense, or because measures less restrictive have recently or

frequently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1). Here, a six-month period of confinement followed by service of the balance of the sentence in a community corrections program is appropriate. The defendant has not met the burden of establishing entitlement to probation. Tenn. Code Ann. § 40-35-303(b). The request for probation was properly denied.

Accordingly, the judgment of the trial court is affirmed.